SAMUEL J. BAIRD *et al.*

*v.*

TRUSTEES OF SCHOOLS.

*Filed at Ottawa June 16, 1883.*

1. APPEAL—*reviewing controverted questions of fact.* In an action on a note given by a defaulting school treasurer, and others, to secure the deficit in his accounts, it is purely a question of fact whether the others executed the note as sureties for its payment, or in discharge of their supposed liability as sureties on his official bond, and when the jury find such others liable as sureties on the note, and the judgment of the court on the verdict is affirmed by the Appellate Court, such finding of fact is conclusive on this court, and the evidence can only be looked into to see if the trial court erred in giving or refusing instructions.

2. SURETY—*whether that relation exists.* Where a late school treasurer was found to be in default, and the trustees of schools were willing to take notes, with security, for the sum due the school fund, and notes were accordingly drawn and executed by the treasurer, who took them to the sureties on his bond, and they signed the same, there being no fraud practiced on them to induce them to execute the notes, it was *held,* that their relation to the principal was that of sureties, and nothing else.

3. INSTRUCTIONS—*need not be repeated.* There is no error in refusing instructions, every principle of law in which, applicable to the issues, are contained in others given for the same party. Nor will a judgment evidently just and proper be disturbed for slight errors in the instructions given.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of White- side county; the Hon. JOSEPH M. BAILEY, Judge, presiding.

Mr. J. E. McPHERRAN, and Messrs. BENNETT & GREEN, for the appellants.

Messrs. J. & J. DINSMOOR, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This suit was brought on a promissory note, made by Daniel McIntyre, Samuel J. Baird and Benjamin Reed, to the trustees of schools, by their corporate name. To the

declaration, which is in the usual form, pleas were filed, upon which issues were joined, in which it was alleged, first, a want of consideration for the making of the note on the part of defendants Baird and Reed; and, second, a part failure of the consideration. On the trial in the circuit court the jury found the issues for plaintiffs, and the court rendered judgment on the verdict. That judgment was affirmed in the Appellate Court, and defendants Baird and Reed bring the case to this court on their further appeal.

The defence insisted upon is, first, that defendants Baird and Reed were sureties on the official bond of their co-defendant McIntyre, as school treasurer of the township represented by plaintiffs; that the default made by the principal was made long before defendants became sureties on his official bond as such treasurer; that the notes were given under a misapprehension as to their legal liability on such bond, and hence there was no consideration for the notes made by them with their co-defendant; and, second, that the notes were given for a larger sum than was due from the principal in the bond to the township. On the other hand, it is insisted this note, with two others, which have since been paid, were given by McIntyre to settle the deficit in his accounts with the township, that the sums mentioned in the notes were actually due from him to the school fund of the township, and that defendants Baird and Reed were his sureties on the notes.

There is no controversy that McIntyre was a defaulter, and that when his successor was appointed he was unable to turn over to him the moneys the books showed were in his hands as treasurer of the township school fund. Whether defendants Baird and Reed were mere sureties for the defaulting treasurer on his notes given to secure the deficit in his accounts, was purely a question of fact, and as the jury found that question against defendants, and the Appellate Court affirmed the judgment of the trial court rendered on the ver-

dict, the finding of fact by the Appellate Court is, of course, conclusive on this court. It is not necessary, therefore, to look into the evidence further than to see whether the instructions given were applicable to the facts of the case, or whether the trial court erred in refusing instructions asked for by defendants. With that view the evidence has been carefully considered. It is quite apparent when it became known the school treasurer was in arrears, the trustees were anxious to have the matter closed up, and they were willing the delinquent officer might do so by giving his notes for the sum due the school fund, with sufficient security. Accordingly notes were prepared. They were signed by McIntyre, and he took them to his co-defendants, Baird and Reed, and they signed them, and they were then delivered to the trustees. No fraud was practiced upon them, or either of them, to induce defendants to sign the notes. Their relation to the principal was that of surety, and nothing else. The evidence tends to establish this theory of the case, and this court is warranted in believing the jury so found the fact to be.

It is not the duty of this court to comment on every one of the numerous instructions asked at the trial by the respective counsel. To do so in this case would extend this opinion to a most unreasonable length. The instructions asked by both parties were by far too numerous. Many of them had no sort of application to the real issues to be tried, and the court rightfully rejected them. It would have been highly proper for the court to have refused many more of those asked on behalf of plaintiffs, on the ground the nature of the case did not require them to be given. Every principle of law that had any application to the defence sought to be made, was contained in the instructions given for defendants, and they were in nowise prejudiced by the refusal of the court to give other instructions. As respects the instructions given for plaintiffs, barring the fact they were by far

too numerous, there was perhaps nothing in them seriously hurtful to the defence. It is quite plain the case has been decided correctly, and although some slight errors may have intervened in the giving or refusing of instructions, the jury arrived at a just and correct conclusion, and their verdict should not be set aside on account of such slight errors as is readily seen did not affect the justness of the decision.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*